UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE S. EDWARDS

VERSUS

AMERICA'S HOME PLACE, INC.

CIVIL ACTION

NO. 20-808-JWD-EWD

## RULING AND ORDER

Before the Court is the Appeal from a November 13, 2020 Judgment issued by the United States Bankruptcy Court for the Middle District of Louisiana, as supported by the Appellant's Brief, tendered by Catherine Edwards ("Appellant"). (Doc. 1-1.) For the reasons set forth below, the appeal is denied, and the Judgment of the Bankruptcy Court is affirmed.

### I.     Relevant Background[1]

This is an appeal from a Judgment of the Bankruptcy Court denying Appellant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A). (Doc. 1-1.)

Specifically, Catherine Edwards appeals from an order entered by the United States Bankruptcy Court for the Middle District of Louisiana (the "Bankruptcy Court") in the underlying bankruptcy proceeding. After trial and in an opinion dated November 13, 2020 (the "November 13, 2020 Order"), the Honorable Judge Douglas D. Dodd denied debtor Edwards's discharge, pursuant to 11 U.S.C. § 727(a)(4)(A), on the grounds that she "knowingly and fraudulently made a materially false representation in her schedules as to her interest in and the value of her property as well as failing to schedule the Contract to Partition Property & Purchase Agreement as an executory contract affecting her property." (No. 17-01053, Doc. 90 at 20.)

---

[1] In this opinion, a specific case number will be included in any citation to a court document unless that document has been filed in the present action's docket, *i.e.,* 20-cv-808-JWD-EWD.

On appeal, Edwards argues that the November 13, 2020 Order and Judgment should be reversed and that she should be granted a discharge because the Bankruptcy Court did not thoroughly analyze the evidence and that the evidence does not support a finding of falsehoods or intent to deceive. (*See* Doc. 13.) She also contends that the Bankruptcy Court erroneously concluded that she falsely and intentionally undervalued her property; misrepresented her ownership interest in the property; and intentionally failed to disclose two executory contracts (a Contract to Partition Property and Purchase Agreement) to the Bankruptcy trustee, in addition to numerous other claims. (*Id*.)

## II. Standard of Review

In reviewing a decision of the bankruptcy court, this Court functions as an appellate court and applies the standards of review generally applied in a federal court of appeals. *See Matter of Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Conclusions of law are reviewed *de novo. See Matter of Herby's Foods, Inc.*, 2 F.3d 128, 131 (5th Cir. 1993). Findings of fact are not to be set aside unless clearly erroneous. *See id.* at 130-31. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *Matter of Missionary Baptist Foundation of America*, 712 F.2d 206, 209 (5th Cir. 1983). Thus, appellate courts will sustain a bankruptcy court's factual findings "absent a firm and definite conviction that the bankruptcy court made a mistake." *In re Ragos*, 700 F.3d 220, 222 (5th Cir. 2012) (citation omitted); *Rosbottom v. Schiff*, 2018 WL 2946400, at *2 (W.D. La. June 12, 2018), *aff'd sub nom. Matter of Rosbottom*, 770 F. App'x 242 (5th Cir. 2019).

**III.    Discussion**

Bankruptcy appeals are governed by the Federal Rules of Bankruptcy Procedure, which require an appellant's brief to contain the following:

> (a) Appellant's brief. The appellant's brief must contain the following under appropriate headings and in the order indicated:
> (1) a corporate disclosure statement, if required by Rule 8012;
> (2) a table of contents, with page references;
> (3) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;
> (4) a jurisdictional statement, including:
> (A) the basis for the bankruptcy court's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
> (B) the basis for the district court's or BAP's jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
> (C) the filing dates establishing the timeliness of the appeal; and
> (D) an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's or BAP's jurisdiction on another basis;
> (5) a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;
> (6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;
> (7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;
> (8) the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;
> (9) a short conclusion stating the precise relief sought; and
> (10) the certificate of compliance, if required by Rule 8015(a)(7) or (b).

Fed. R. Bankr. P. 8014(a). A district court has the authority to summarily affirm a bankruptcy court's judgment as a sanction for serious non-jurisdictional, procedural defects. *See Chlad v. Chapman*, 2018 WL 4144627, at *3 (N.D. Ill. Aug. 30, 2018) (collecting cases).

Edwards's submission fails to comply with Rule 8014(a). For example, the merits section of the brief lacks any coherent argument, meaningful citation to legal authority, specific references to evidence, and analysis of any standard of review. *See Reyes-Garcia v. Rodriguez & Del Valle, Inc.*, 82 F.3d 11, 16 (1st Cir. 1996) (dismissing appeal due to appellant's failure to comply with procedural rules, including briefing requirements); *see also* Fed. R. Bankr. P. 8014(a)(1)-(10) (setting forth the requirements for an appellant's opening brief). Additionally, the brief does not contain a proper jurisdictional statement or a summary of the argument. *See* Fed. R. Bankr. P. 8014(a)(4) and (a)(7); *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 742 n.5 (5th Cir. 2000) (finding that issues referred to in the Statement of Issues portion of the brief but not actually argued are abandoned); *In re Fremont Hospitality Grp., LLC*, 73 Collier Bankr. Cas. 2d (MB) 1525, 2015 Bankr. LEXIS 2031 (B.A.P. 6th Cir. June 22, 2015) (appeal dismissed in part because appellant brief did not include any arguments or references to record that were related to orders being appealed); *In re Burkhart*, 84 B.R. 658, 1988 Bankr. LEXIS 626 (B.A.P. 9th Cir. 1988) (appeal dismissed where debtors did not furnish entire record on appeal, did not cite record for their many assertions about background, conduct and substance of litigation, as required by former Bankruptcy Rule 8010(a)(1), and argument included only 4 general references to record which supported trial court's findings.).

The Court is mindful that Edwards filed this appeal pro se, but "[t]he rules of procedure and the rules governing bankruptcy proceedings apply equally to everyone." *In re Salter*, 251 B.R. 689, 692 (S.D. Miss.), *aff'd*, 234 F.3d 28 (5th Cir. 2000). While pro se litigants are held to a less stringent procedural standard than others, they are not granted immunity from compliance with procedural and substantive law. *May v. Univ. of Mississippi Med. Ctr.*, 2015 WL 1540429, at *3 (S.D. Miss. Apr. 7, 2015) ("[a] *pro se* litigant's unfamiliarity with court proceedings does not

4

relieve him of the duty to abide by procedural rules."); *Aja v. Emigrant Funding Corp.*, 442 B.R. 857, 861 (B.A.P. 1st Cir. 2011); *see also Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985) ("The right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.' "). A pro se litigant's obligation to comply with substantive and procedural rules applies to briefing requirements. *See O'Neal v. Spota*, 744 F. App'x 35, 36 (2d Cir. 2018) ("Despite affording pro se litigants 'some latitude' in meeting procedural rules, [courts] 'normally will not[ ] decide issues that a party fails to raise in his or her appellate brief.' ").

Bankruptcy Rule 8014 "is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal." *In re Ross*, 2004 WL 6030762, at *3 (B.A.P. 1st Cir. June 4, 2004). "Appellate rules governing the form of briefs do not exist merely to serve the whimsy of appellate judges. Some of the requirements ... are essential for the proper disposition of an appeal." *Id*. (quoting *Slack v. St. Louis Cnty. Gov't*, 919 F.2d 98, 99 (8th Cir. 1990)). A court is not required to overlook the procedural and substantive omissions in a party's briefing and to stitch together a cogent argument or to guess what part of the record might be relevant. *See id*. at *3-4; *see also Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994).

Even viewing Edwards's briefing with the required latitude, *see Aja*, 442 B.R. at 861, it is still woefully deficient. The burden was on her to demonstrate a basis for reversing the bankruptcy court and entering judgment in her favor. Simply put, Edwards failed to provide the Court with a basis to conclude that the bankruptcy court's judgment did not apply the correct law or rested on a clearly erroneous finding of material fact.

In light of the foregoing, the Court summarily affirms. *See also United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006) ("Summary affirmance may also be in order when the arguments in the opening brief are incomprehensible or completely insubstantial."); *In re Ross*, 2004 WL 6030762, at *4 (summarily affirming due to deficient brief); *In re Sirikanjanachai*, 2019 WL 6605858, at *2–3 (B.A.P. 1st Cir. Dec. 4, 2019).

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that this appeal is **DENIED**, and that the Bankruptcy Court's November 13, 2020, Order is hereby **AFFIRMED.**

Signed in Baton Rouge, Louisiana, on September 22, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**